# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**TABARUS DEVANTE VAUGHN**                                             **PLAINTIFF**

**VS.**                                                             **CIVIL ACTION NO. 3:16cv25-LRA**

**JAMES HOLLOMON**
**AND REGINALD BROWN**                                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Tabarus Devante Vaughn sued Defendants James Hollomon and Regenald Brown in both their individual and in their official capacities. Defendants have filed a Motion for Summary Judgment [61], asking that the claims made against them in their official capacities be dismissed on the basis of Eleventh Amendment immunity.

Jurisdiction of this case is based upon 42 U.S.C. §1983. Plaintiff was housed in the Central Mississippi Correctional Facility [CMCF] in Rankin County, Mississippi, in the custody of the Mississippi Department of Corrections [MDOC] in November 2015. Plaintiff testified at the hearing conducted by this Court that on November 26, 2015, he was trying to use the phone to order from the commissary for the holidays and he put his arm out of his door slot. Defendant Hollomon grabbed his arm and started beating his arms and legs. Once it was over, Officer Bolton came to his cell to ask Plaintiff what had happened. Plaintiff told him about the incident and showed him his swollen wrist and cuts; Bolton said he would get Plaintiff medical attention. Bolton called Defendant Reginald Brown to escort Plaintiff to the 720 Medical Clinic, but Defendant Hollomon also showed up to escort him. Hollomon put restraints on Plaintiff really tight, and he

was barely able to walk.  Plaintiff showed Officer Brown the burns on his legs, and Defendant Hollomon threatened Plaintiff in front of Brown.  As they walked, Defendant Hollomon pushed Plaintiff down the stairs.  Brown never tried to intervene or stop Hollomon from assaulting him.

Plaintiff asked for $12,000 in compensatory damages and $7,000 in punitive damages in his initial Complaint [1].  He was allowed to amend to raise the damages amount to $75,000 in compensatory damages from each Defendant and $19,000 in punitive damages from each Defendant [52, 66].  In Plaintiff's initial Complaint [1], he named Hollomon "in his official capacity," not mentioning his personal capacity.  In the Amended Complaint [5], he named both Hollomon and Brown in their "official capacity."  He also requested to sue Defendants in their individual capacities by "request" filed February 23, 2016 [8].  Plaintiff's Motion to Amend [52] was granted by the Court as unopposed [66]; he clarifies that he sued Defendants in both capacities.  In Plaintiff's response [63] to this Motion for Summary Judgment, he states that he has "made it known" through his Amended Complaint and in other documents that he is suing in both Defendants' individual and personal capacities as well as in their official capacities.  Defendants do not deny that they have been sued in their individual capacities.

Defendants have moved for the dismissal of Vaughn's official capacity claims on the grounds that they are barred by Eleventh Amendment immunity.  This motion, because it is based on Eleventh Amendment immunity, is considered under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  *See e.g. Warnock v. Pecos Cnty., Tex.*, 88 F.3d

341, 343 (5th Cir. 1996)("Eleventh Amendment sovereign immunity deprives a federal court of jurisdiction to hear a suit against a state.")(citing *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). Under Rule 12(b)(1), a district court may grant dismissal based on a lack of subject matter jurisdiction in cases in which it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *See Saraw P'ship v. United States*, 67 F.3d 567, 569 (5th Cir. 1995). When deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court may consider "the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ynclan v. Department of the Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). This Court is utilizing the facts as set forth by Plaintiff in his Complaint, as supplemented by his sworn testimony.

The Court finds that Defendants are entitled to Eleventh Amendment immunity as to the claims for monetary relief in their official capacities. The Eleventh Amendment provides: '[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The narrow language of this amendment has been broadly construed by the Supreme Court "to embrace the larger principle that a state is granted immunity from suits initiated by private entities or persons in federal courts, if the State has not consented to such suits."

*Coolbaugh v. Louisiana ex rel. La. Dep't of Public Safety & Corr.*, 136 F.3d 430, 433 (5th Cir. 1998).

The Eleventh Amendment to the United States Constitution "bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002) (citing U.S. CONST. amend. XI; *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999)). The scope of the immunity provided by the Eleventh Amendment "extends to any state agency or entity deemed an "alter ego" or "arm" of the state." *Id.* at 326 (citing *Vogt v. Board of Comm'rs*, 294 F.3d 684, 688-89 (5th Cir. 2002)).

In the context of a § 1983 claim, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and consequently "it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Mississippi Department of Corrections is an arm of the state, so its officers and employees are, in fact, officers and employees of the state, and are likewise entitled to sovereign immunity from monetary damages in their official capacity. *See Am Bank and Trust Co. v. Dent*, 982 F.2d 917, 921 (5th Cir. 1993) (citing *Will*, 491 U.S. at 71).

As Vaughn's federal law claims for monetary damages against Hollomon and Brown in their official capacities are treated as claims against the State of Mississippi, and as Mississippi is immune from such claims under the Eleventh Amendment, the Court

finds that Hollomon and Brown are likewise immune from these claims. *See e.g. Hopkins v. Mississippi*, 634 F. Supp. 2d 709, 711 (S.D. Miss. 2009)(explaining that the "Eleventh Amendment prohibits suits against state officials acting in their official capacities where the plaintiff seeks monetary relief, or retroactive injunctive or declaratory relief based on allegations that the defendant state officials violated federal law.")(citing *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 102-03 (1984)).

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

Defendants' Motion for Summary Judgment [Docket #61] is hereby **granted,** and the claims against Defendants in their official capacities are dismissed. Plaintiff shall be allowed to proceed as to his claims made against these Defendants in their personal and individual capacities.

SO ORDERED this the 5th day of September, 2017.


                                        /s/ Linda R. Anderson
                                 UNITED STATES MAGISTRATE JUDGE